**SMITH, Plaintiff-Appellee v. BRANE, Defendant-Appellant.**

Ohio Appeals, Second District, Montgomery County.

No. 1826. Decided March 24, 1945.

Otterbein Creager, Dayton, for plaintiff-appellee, and contra the motion.

Harshman & Young, Dayton, Wilbur E. Benoy, Columbus, for defendant-appellant, and for the motion.

NICHOLS, J., of the Seventh Appellate District, sitting by designation.

## OPINION

BY THE COURT:

Submitted on appellant's motion to certify this cause to the Supreme Court for the reason that the judgment here is in conflict with the judgment pronounced upon the same question by the Court of Appeals of Cuyahoga County in **Stuchel v Cleveland Railway Company, 41 Abs. 497, syllabus 2.** This syllabus reads:

"Where it appears in an action for personal injuries sustained when the automobile in which plaintiff was riding was struck at an intersection by defendant's motor coach, that the driver of the coach had the right of way and was not operating the coach in such a manner as to constitute a violation of any rule of law whereby his preferential right to proceed through the intersection would be lost, the assured clear distance rule is not applicable and it is prejudicial error to read to the jury the whole of an ordinance relating to the operation of motor vehicles without instructing them to disregard that portion which provides that one shall not operate a motor vehicle faster than will permit him to bring it to a stop within the assured clear distance ahead."

There is a manifest difference in the facts upon which the quoted syllabus was pronounced and the facts in the instant case. There the Court found that there was no proof tending to establish that the defendant moved into the intersection in an unlawful manner. Here, there is testimony that the defendant moved into the intersection in violation of a village ordinance.

It further appears that although the trial judge did read to the jury all of §6307-21, GC, pleaded by the defendant, including the assured clear distance ahead portion thereof, he very carefully and specifically limited its consideration to that part which made it an offense to drive upon the streets and highways at a speed greater or less than is reasonable or

proper. No objection whatever was interposed to the fact that the judge read all of the statute and it is highly probable that the jury gave no attention whatever to any part of the section other than that to which the Court directed attention.

In this situation the principle announced in the quoted syllabus could not be a determinative factor in this Court nor in the trial court in the judgments reached.

The brief on the application to certify directs attention to the fact that this Court "entirely missed the point that the ordinance was of no force and effect because there was no compliance with the Uniform Traffic Code and the defendant did not lose his preferential right of way."

The ordinance was brought into this case for the first time by the answer of the defendant wherein it was plead that it was in full force and effect at the time of the collision and thereafter the answer was amended, adding the following averment:

"At the time of said collision metal stop signs were in place on both Main Street and Cedar Street at the intersection of said streets."

The reply admitted that the ordinances plead were in force and effect at the time of the collision. There is nothing in the pleadings nor in the record suggesting that the ordinance was of no force and effect for the reason asserted in the brief.

The motion to certify will be denied.

HORNBECK, J. and NICHOLS, J., concur.
GEIGER, J., dissents.